IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETC NORTHEAST PIPELINE, LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>EM ENERGY PENNSYLVANIA, LLC,<br><br>Defendant and Counterclaim Plaintiff. | CASE No. _____<br><br>**NOTICE OF REMOVAL** |

Plaintiff and Counterclaim Defendant ETC Northeast Pipeline, LLC ("ETC"), by its attorneys, hereby files this Notice of Removal (the "Notice of Removal") pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to be referred to the United Stated Bankruptcy Court for the Western District of Pennsylvania (the "Pennsylvania Bankruptcy Court") pursuant to that certain Order of Reference of Bankruptcy Cases and Proceedings *nunc pro tunc* dated October 16, 1984, and thereafter for transfer to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), to be heard in connection with those certain related bankruptcy cases pending as *In re EdgeMarc Energy Holdings, LLC et al.*, jointly administered as case no. 19-11104 (the "Delaware Bankruptcy Cases"). The grounds for removal include:

1. ETC served a complaint (the "Complaint") against EM Energy Pennsylvania, LLC ("EdgeMarc Pennsylvania"), a debtor in the Delaware Bankruptcy Cases, that initiated litigation in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division (the "PA State Court"), Case No. 19-002052 (the "PA State Court Action") on or about February 7, 2019. A copy of the Complaint is attached hereto as **Exhibit A**, and all other pleadings on file in the PA State Court Action are attached as **Exhibits B - Q**.

2. On May 15, 2019 (the "Petition Date"), EdgeMarc Energy Holdings, LLC ("EdgeMarc") and eight affiliated debtors (each a "Debtor" and collectively, the "Debtors"), including EdgeMarc Pennsylvania, filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the Delaware Bankruptcy Court, which initiated the Delaware Bankruptcy Cases. The Delaware Bankruptcy Cases are presently pending with the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge presiding.

3. The Complaint seeks, *inter alia*, a judgment declaring that certain Amended and Restated Gathering Agreement (the "Base Agreement") and certain Individual Transaction Confirmations ("ITC") entered into by and between ETC and EdgeMarc Pennsylvania are valid and enforceable contracts. The Complaint alleges that EdgeMarc Pennsylvania breached the ITCs by repudiating them without justification or excuse, and that EdgeMarc Pennsylvania was unjustly enriched thereby. All of these allegations are stated more fully in the Complaint.

4. On February 27, 2019, EdgeMarc Pennsylvania filed its Answer, New Matter and Counterclaims (the "Counterclaims") in response to the Complaint. *See* Exhibit D. The Counterclaims include EdgeMarc Pennsylvania's breach of contract and declaratory judgment claims against ETC.

5. Section 1452 of Title 28 provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if such district court has jurisdiction pursuant to section 1334 of Title 28. In turn, Section 1334(b) of Title 28 provides, in pertinent part, that a district court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code.

6. The PA State Court Action is subject to removal pursuant to the jurisdiction of the United States District Courts over civil proceedings arising in, arising under, or related to cases under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). 28 U.S.C. §§ 1334(b) and 1452.

7. In the Third Circuit, under reasoning later adopted by the Supreme Court of the United States, a case relates to a bankruptcy proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Superior Contracting Gp. Inc. v. Rachmale (In re LTC Hldgs., Inc.)*, 587 B.R. 25, 36 n. 58 (describing the "conceivable effect" test and citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6 (1995) and *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1985)). The test of a "conceivable effect" is met "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6 (1995).

8. The Complaint arises in, arises under, or otherwise is related to the Bankruptcy Cases and is therefore removable under 28 U.S.C. § 1452, because, *inter alia*:

   a. On the Petition Date, the Counterclaims became property of the Debtors' estates. *See* 11 U.S.C. § 541. ETC was also stayed from continuing to pursue the claims stated in the Complaint. *See* 11 U.S.C. § 362. This litigation cannot meaningfully continue outside the Delaware Bankruptcy Court without the Delaware Bankruptcy Court's permission. *See* Fed. R. Bankr. P. 9027.

   b. The Complaint pleads that ETC was damaged by alleged breaches of Debtor EdgeMarc Pennsylvania of the Base Agreement and/or the ITCs. A determination in this litigation that the ITCs were not properly terminated will give rise to a damages claim in favor of ETC against the Debtors.

   c. The Complaint seeks a determination of whether the ITCs have been properly terminated by Debtor EdgeMarc Pennsylvania, or alternatively, whether such contracts remain executory contracts subject to assumption or rejection by the Debtors pursuant to Bankruptcy Code § 365.

    d. The Debtors are currently running a court supervised sale process in their Bankruptcy Cases. Any sale of the Debtors' assets may require the assumption and assignment of the Base Agreement and ITCs to a successful buyer. The outcome of this litigation, namely, adjudicating alleged defaults (whether committed by EdgeMarc Pennsylvania or ETC), rights, claims and terminations of such contracts will impact the Debtors' sale process.

    e. Litigation also exists between ETC and Debtor EdgeMarc Pennsylvania's equity sponsors (the "Sponsors") in state court in New York (the "NY State Court Action") to resolve disputes of fact and law that are inextricably intertwined with those causes of action pleaded in the PA State Court Action in the Complaint and Counterclaims. The PA State Court Action is removed so that a single court decides all of these interrelated disputes. *See DeAngelis v. Corzine*, 501 B.R. 155, 159 (S.D.N.Y 2012) (removal of causes of action that "are, in sum and substance, an echo" of other complaints before the court "renders removal the most efficient and equitable result."). A copy of the complaint in the NY State Court Action is attached hereto as **Exhibit R.** Contemporaneously with this Notice of Removal, ETC is removing the NY State Court Action and seeking the transfer of same to the Delaware Bankruptcy Court.

9. As a result, ETC removes the PA State Court Action to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 pursuant to the jurisdiction of this Court under 28 U.S.C. § 1334(b), as a civil proceeding arising under Title 11, or arising in or related to cases under Title 11, namely, the Delaware Bankruptcy Cases.

10. Matters "arising under" or "arising in" bankruptcy cases are core proceedings. *See* 28 U.S.C. § 157(b)(1). The PA State Court Action is within the Bankruptcy Court's "core" jurisdiction within the meaning of 28 U.S.C. § 157(b)(1) and (2), because it seeks a determination of the validity and value of ETC's claims against the Debtors. *See* 28 U.S.C. § 157(b)(2)(B). EM Energy PA has already filed the Counterclaims, which are themselves core proceedings. *See* 28 U.S.C. § 157(b)(2)(C). The resolution of the PA State Court Action will seriously affect the assets available to the Debtors' estates for distribution to creditors. *See* 28 U.S.C. § 157(b)(2)(O). The

PA State Court Action further affects the administration of the estate and seeks to adjust the debtor-creditor and debtor-equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (O).

11. Even if the PA State Court Action is not a core proceeding, which it is, it is indisputably *related to* the Bankruptcy Cases, and thus, removal to this Court is proper.

12. This Notice of Removal is filed within 90 days after the Petition Date as required by Bankruptcy Rule 9027(a)(2). This Notice of Removal is timely under Bankruptcy Rule 9027 and 28 U.S.C. § 1452(a).

13. No previous notice of removal has been filed in this or any other court.

14. Pursuant to 28 U.S.C. § 1452(a), assignment to the United States District Court for the Western District of Pennsylvania is proper because the PA State Court Action is pending in the PA State Court. As a mechanical matter, it is necessary to remove to the District Court in the jurisdiction where the state court action is pending, for transfer to the court where the bankruptcy matter is pending.

15. Pursuant to Bankruptcy Rule 9027, the Notice of Removal is accompanied by a copy of all process and pleadings filed in the PA State Court Action, with the exception of any discovery material, and are attached hereto as Exhibits A through Q.

16. Pursuant to Bankruptcy Rule 9027(a)(1), ETC hereby consents to entry of final orders or judgment by the Delaware Bankruptcy Court.

17. Upon the filing of this Notice of Removal in the United States District Court for the Western District of Pennsylvania, written notice of removal will be given to EM Energy PA and to the PA State Court. ETC will promptly serve on EM Energy PA and file with the Court of PA State Court a Notice of Filing of Notice of Removal to Federal Court pursuant to Rule 9027.

**WHEREFORE**, ETC requests that upon receipt of this removed action, the United States District Court for the Western District of Pennsylvania, refer this action to the United States Bankruptcy Court for the Western District of Pennsylvania, and thereafter transfer this matter to the United States Bankruptcy Court for the District of Delaware. Separate motions to refer and transfer venue will be filed.

Dated: June 7, 2019

Respectfully Submitted,

Stuart H. Sostmann, PA ID No. 84065
Gregory P. Graham, PA ID No. 317205
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
501 Grant Street, Floor 7
Pittsburgh, PA 15219
Telephone:   412-803-1140
Facsimile:    412-803-1188
SHSostmann@MDWCG.com
gpgraham@MDWCG.com

and

Michael P. Lynn, TX Bar No. 12738500
*Pro hac vice application forthcoming*
Chris Patton, NY Bar No. CP-0320
*Pro hac vice application forthcoming*
John Adams, TX Bar No. 20997277
*Pro hac vice application forthcoming*
LYNN PINKER COX & HURST, L.L.P.
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:   214-981-3800
Facsimile:    214-981-3839
mlynn@lynnllp.com
cpatton@lynnllp.com
jadams@lynnllp.com

COUNSEL FOR
ETC NORTHEAST PIPELINE, LLC

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this, the 7th day of June, 2019, a true and correct copy of the forgoing document with all attachments thereto has been served on counsel of record for EM Energy Pennsylvania, LLC by email and first class mail delivery, addressed as follows:

Megan S. Haines
McGuireWoods LLP
Tower Two Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
mhaines@mcguirewoods.com

Adam G. Landis
Kerri K. Mumford
Kimberly A. Brown
Holly M. Smith
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
mumford@lrclaw.com
brown@lrclaw.com
smith@lrclaw.com

Darren S. Klein
Laura Samet Buchwald
Aryeh E. Falk
Jonah A. Peppiatt
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
darren.klein@davispolk.com
lara.buchwald@davispolk.com
aryeh.falk@davispolk.com
jonah.peppiatt@davispolk.com

_____
Gregory P. Graham, Esq.
PA ID No. 317205
Marshall Dennehey Warner Coleman & Goggin
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
gpgraham@mdwcg.com

LEGAL/123056992.v1